[Cite as *State v. Case*, 2016-Ohio-570.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO | : | | JUDGES: |
| | : | | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | | Hon. Patricia A. Delaney, J. |
| | : | | Hon. Craig R. Baldwin, J. |
| -vs- | : | | |
| | : | | |
| CYNTHIA CASE | : | | Case No. 15-CA-41 |
| | : | | |
| Defendant - Appellant | : | | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Fairfield County
Municipal Court, Case No. TRC
1500705

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      February 16, 2016

APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

DANIEL E. COGLEY                          JESSICA G. D'VARGA
Assistant Prosecutor                          JON J. SAIA
City of Lancaster                          713 South Front Street
123 East Chestnut Street                          Columbus, Ohio 43206
P.O. Box 1008
Lancaster, Ohio 43130

*Baldwin, J.*

{¶1}   Defendant-appellant Cynthia Case appeals her conviction and sentence from the Fairfield County Municipal Court on one count of operating a motor while under the influence. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   On January 23, 2015, appellant was cited for operating a motor vehicle while under the influence of alcohol (OVI) in violation of R.C. 4511.191(A)(1)(a) and (d) and driving left of center in violation of R.C. 4511.25. The citation stated that at the time of the traffic stop, appellant was operating her motor vehicle in the City of Columbus in Fairfield County, Ohio.  At her arraignment on January 28, 2015, appellant entered a plea of not guilty to the charges.

{¶3}   A citation charging appellant with an open container offense in violation of R.C. 4301.62 was filed in the same case on February 10, 2015.  Appellant, on February 24, 2015, filed a written plea of not guilty to such offense.

{¶4}   Thereafter, appellant, on February 26, 2015, filed a Motion to Transfer her case to the Franklin County Municipal Court pursuant to R.C. 1901.02, arguing that the Franklin County Municipal Court had proper jurisdiction over this case.    Pursuant to a Judgment Entry filed on March 4, 2015, the trial court overruled appellant's motion. The trial court, in its Judgment Entry, stated, in relevant part, as follows:

> The Courts have held that an incident that occurs in the
> City of Columbus, County of Fairfield, may be filed in either
> the municipal court in Franklin County or Fairfield County,
> both courts have concurrent jurisdiction. Moreover, if the

matter goes to jury trial, the jury <u>must</u> be drawn from Fairfield County.

It is the practice of the courts to handle a jury trial of these matters in Fairfield County Municipal Court.

{¶5} A bench trial was held on April 23, 2015. At the trial, Trooper Kaitlin Fuller of the Ohio State Highway Patrol testified that the stop and arrest of appellant occurred within Fairfield County, but within the city of Columbus. At the conclusion of the State's case, appellant moved to dismiss all of the charges against her based on R.C. 1901.34. Appellant argued that, pursuant to such statute, the City of Lancaster Law Director did not have authority to prosecute appellant's case since "[t]his entire event transpired within the city of Columbus." Transcript at 24. Appellant argued that the Law Director of the City of Columbus possessed the sole legal authority to prosecute appellant. At the request of the trial court, both parties filed post hearing briefs on such issue.

{¶6} As memorialized in an Entry filed on June 4, 2015, the trial court denied appellant's motion, stating that any defect in the institution of the prosecution must be raised prior to trial or is waived by a defendant pursuant to Crim.R. 12(H). The trial court found appellant guilty of OVI in violation of R.C. 4511.19(A)(1)(a). All other charges were dismissed. Pursuant to a Journal Entry filed on August 3, 2015, appellant was sentenced to 180 days in jail with 177 days suspended and her driver's license was suspended for 6 months. Appellant also was fined $375.00 and was sentenced to two years of non-reporting probation.

{¶7} Appellant now raises the following assignment of error on appeal:

{¶8}   THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO DISMISS BECAUSE THE CITY OF LANCASTER LACKED AUTHORITY TO PROSECUTE MS. CASE'S CHARGES.

I

{¶9}   Appellant, in her sole assignment of error, argues that the trial court erred in denying her Motion to Dismiss because the City of Lancaster lacked authority to prosecute her in this case.

{¶10}  Crim.R. 12 states, in relevant part, as follows:

{¶11}  (C) Pretrial motions

{¶12} Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue. The following must be raised before trial:

{¶13} (1) Defenses and objections based on defects in the institution of the prosecution;

{¶14}  A failure to raise a defense or objection constitutes a waiver of that defense or objection. Crim.R. 12(H). An argument that the prosecuting entity does not have authority to try a case concerns a defect in the institution of prosecution. See *State v. Herrmann*, 4th Dist. Scioto No. 93 CA 2185, 1994 WL 534880 (Sept. 28, 1994).  Thus, appellant was required to argue that the City of Lancaster Law Director lacked authority to prosecute her in a pretrial motion pursuant to Crim.R. 12(C).  However, appellant did not file such a motion, but rather raised the issue at the conclusion of the testimony. We find that appellant waived any defense or objection regarding improper prosecutorial authority.

{¶15} We note, as stated above, that appellant did file a pretrial Motion to Transfer, seeking to transfer venue to Franklin County pursuant to Crim.R. 18. However, as noted by appellee, appellant's argument "is not persuasive because a motion to change venue is governed by Criminal Rule 18, not Criminal Rule 12."

{¶16} Appellant's sole assignment of error is, therefore, overruled.

{¶17} Accordingly, the judgment of the Fairfield County Municipal Court is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.